UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KAY,

        Plaintiff,

vs.

Case No. 12-cv-13875
HON. GERSHWIN A. DRAIN

THE MINACS GROUP (USA), INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION [#6]

**I.    INTRODUCTION**

On August 31, 2012, Plaintiff initiated the present action alleging that Defendant, The Minacs Group (USA), Inc., wrongfully terminated him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* and Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq*.   Presently before the Court is Defendant's Motion to Dismiss and to Compel Arbitration, or alternatively, to Stay Litigation Pending Arbitration, filed on October 8, 2012.  The issues have been fully briefed and the Court finds that oral argument will not aid in the disposition of this matter.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion to Dismiss and to Compel Arbitration will be resolved on the briefs. For the reasons that follow, the Court grants Defendant's Motion to Dismiss and to Compel Arbitration.

**II.    FACTUAL BACKGROUND**

Plaintiff began working for Defendant's predecessor, Phoenix Group ("Phoenix") as a full

-1-

time Assistant Controller on or about September 13, 1995. Defendant and its predecessor provide customer relationship management services to businesses incorporating customer call centers. On the same day that Plaintiff began his employment with Phoenix, he signed a Receipt of Policies and Procedures document. This document states in relevant part: "I also acknowledge that any and all controversies or claims arising out of, or relating to these Policies and Procedures shall be resolved by submitting the dispute to arbitration in accordance with the rules then prevailing of the American Arbitration Association . . . ." *See* Def.'s Mot., Ex. A. On October 31, 2001, Defendant acquired the net assets, business operations, and contacts of Phoenix pursuant to an asset purchase agreement.

On September 22, 2011, Plaintiff was terminated from his employment. Plaintiff was sixty years old when Defendant fired him. He was informed that his position was being eliminated as part of the company's reorganization. However, Plaintiff claims that Defendant hired Kaveena Baretto, who was twenty-nine years old, to perform the same duties as Plaintiff performed. Plaintiff alleges that Defendant engaged in age discriminatory policies and practices by terminating employees over the age of sixty, including Plaintiff, and replacing them with younger employees.

### III.   LAW & ANALYSIS

####   A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. In analyzing the motion

> [t]here is no presumption that the factual allegations set forth in the complaint are true and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." [*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. Cir.), *cert. denied*, 513 U.S. 868 (1994)]. The court has wide discretion to consider materials outside the pleadings in assessing the validity of its jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears

> the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

*Ashley v. United States*, 37 F.Supp.2d 1027, 1029 (W.D. Mich. 1997). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied*, 461 U.S. 918 (1983)).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

-3-

'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

  **B.**  **Defendant's Motion to Dismiss and to Compel Arbitration**

Defendant argues that Plaintiff's state and federal age discrimination claims are subject to binding arbitration based on the arbitration agreement Plaintiff entered into when he began his employment with Defendant's predecessor in 1995. Conversely, Plaintiff argues that the arbitration clause should be narrowly construed to limit arbitration to disputes concerning Defendant's internal policies only. Thus, Plaintiff maintains that his claims are properly before the Court.

This Court must apply the Federal Arbitration Act ("FAA") to the issues presented herein. Congress's purpose in enacting the FAA "was to reverse the long-standing judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). The FAA states that every written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising

out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist and law or in equity for the revocation of any contract." 9 U.S.C. § 2. Employment contracts, except those covering workers engaged in transportation, are governed by the FAA. *See Waffle House*, 534 U.S. at 289; *see also Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (written agreements to arbitrate "shall be valid, irrevocable, and enforceable.")

Pursuant to the FAA, an arbitration agreement must be enforced where a valid, written agreement exists and the claims made are within the scope of the agreement. *Alticor, Inc. v. Nat'l Union Fire Ins. Co.*, 411 F.3d 669, 672-73 (6th Cir. 2005). However, before this Court can compel Plaintiff to arbitrate his claims, the Court must engage in a limited review to determine whether the dispute at issue is arbitrable. *See AT&T Techs. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). The United States Court of Appeals for the Sixth Circuit has identified four factors that courts should consider when addressing a motion to compel arbitration under the FAA:

> First, [the court] must determine whether the parties agreed to arbitrate; second, [the court] must determine the scope of that agreement; third, if federal statutory claims are asserted, [the court] must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, [the court] must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Brothers, Inc*., 394 F.3d 444, 451 (6th Cir. 2005).

As an initial matter, Plaintiff's argument that he cannot be bound by the arbitration clause because he entered into the arbitration agreement with Defendant's predecessor is unavailing. Where there is a substantial similarity of operation and continuity of identity when the second employer takes over, an agreement entered into by the predecessor employer containing an arbitration provision is binding on the successor. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964). Plaintiff's Complaint states that he "began working for defendant in 1995 as an

assistant controller." *See* Dkt. No. 1 at ¶ 10. Thus, Plaintiff admits in his Complaint that Phoenix and Defendant are the same. This is a judicial admission that Phoenix and Defendant have substantial similarities of operation and continuity, thus the arbitration agreement is binding on the parties. *See Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 819 (6th Cir. 2000) ("Under federal law . . . [j]udicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").

Further, when Plaintiff executed the arbitration agreement in 1995, he agreed to submit to arbitration "any and all controversies or claims" arising out of his employer's employment practices and procedures. Plaintiff's Complaint alleges that he was employed since 1995 by Defendant and that Defendant engaged in age discriminatory policies and procedures of terminating older employees including himself and replacing them with younger employees. He also alleges that these policies and procedures violate the ADEA and the ELCRA. Therefore, the parties agreed to arbitrate Plaintiff's age discrimination claims.

Additionally, Plaintiff's age discrimination claims are within the scope of the arbitration agreement. It is well established that "broadly written arbitration clauses must be taken at their word and extend to situations that fall within their purview." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 650 (6th Cir. 2008). Where an arbitration clause is broad, only an express provision excluding a specific dispute, or the most forceful of evidence of a purpose to exclude the claims from arbitration, will remove the dispute from consideration by the arbitrators. *AT&T Techs,* 475 U.S. at 650. The Sixth Circuit Court of Appeals has found arbitration agreements to be broadly written when the agreement contains language that "[a]ny controversy arising out of or relating to any of my accounts, to transactions with you for me, or to this or any other agreement or the construction, performance or breach thereof, shall be settled by arbitration[,]" *Fazio v. Lehman*

*Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) or where the agreement states "that it applies 'to any dispute or claim arising from or in connection with this agreement or the services provided by [Plaintiff].'" *Watson Wyatt & Co.*, 513 F.3d at 650.

Here, the arbitration clause specifically covers "any and all controversies or claims arising out of, or relating to" Plaintiff's employer's employment policies and procedures. The broad nature of this arbitration clause requires this Court to follow the presumption of arbitration. *See NCR Corp. v. Korala Assocs. Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) ("When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration.") (emphasis in original). The arbitration clause contains no express provision or any evidence of a purpose to exclude Plaintiff's age discrimination claims from arbitration.

Plaintiff's argument that the arbitration clause should be narrowly construed lacks merit. Plaintiff relies on a separate and distinct paragraph in the policies and procedures that states "I understand that these policies and procedures are not intended to create any contractual relationship or alter the character of the at will employment relationship in any way." This clause is separate and distinct from the arbitration paragraph, which is a stand alone provision evidencing the parties intent to arbitrate "any and all controversies or claims" arising out of Plaintiff's employment practices and procedures. The arbitration clause is broad and does not specifically exempt Plaintiff's age discrimination claims, thus his claims fall within the purview of the arbitration agreement.

Further, there is no federal statute or policy that renders Plaintiff's claims non-arbitrable. The United States Supreme Court has expressly recognized that arbitration agreements related to employment disputes are arbitrable. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991) (holding that claims under the ADEA are arbitrable). The Sixth Circuit Court of Appeals,

as well as courts from the Eastern District of Michigan have also found that claims arising from private employment and arbitration agreements are arbitrable. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 658 (6th Cir. 2003); *EEOC v. Frank's Nursery & Crafts, Inc.*, 966 F. Supp. 500, 503 (E.D. Mich. 1997), *rev'd on other grounds*, 177 F.3d 448 (6th Cir. 1999); *Beauchamp v. Great West Life Assurance Co.*, 918 F. Supp. 1091, 1095 (E.D. Mich. 1996).

Lastly, this Court must compel arbitration and dismiss the Complaint because both of Plaintiff's age discrimination claims are subject to arbitration. Federal and Michigan law permit the arbitration of age discrimination claims. *See Gilmer*, 500 U.S. at 25; *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 307 (6th Cir. 1991); *Beauchamp,* 918 F. Supp. at 1095. Thus, pursuant to the arbitration agreement, Plaintiff's ADEA and ELCRA claims must be submitted to arbitration. *See Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.")

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss and to Compel Arbitration [#6] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff submit his claims against Defendant to arbitration. IT IS FURTHER ORDERED that the Court declines to award Defendant its attorney fees and costs incurred as a result of bringing the present motion.

SO ORDERED.

Dated: Februaury 25, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE