UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KAY,

       Plaintiffs,                              Case No. 12-13875
                                                HON. GERSHWIN A. DRAIN

vs.

THE MINACS GROUP (USA), INC.,

       Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#15]

Presently before the Court is Plaintiff's Motion to Reconsider the Court's February 25, 2013 Order Granting Defendant's Motion to Dismiss. Defendant's Motion was granted because it was found that there was a valid contract between Plaintiff and Defendant that required disputes be submitted to arbitration. The contract was originally formed between Plaintiff and Defendant's predecessor, the Phoenix Group, in 1995. The employment agreement survived Defendant's acquisition of Phoenix because the Court found that there was a substantial similarity of operation and continuity of identity between Defendant and Phoenix Group. Additionally, based on Plaintiff's Complaint, this Court took judicial notice that there was no break in Plaintiff's employment for the two companies. Thus, this Court compelled arbitration as required by the agreement and dismissed Plaintiff's case.

Plaintiff requests reconsideration on several grounds. First, Plaintiff claims that Defendant failed to present evidence to this Court that his employment with Defendant's predecessor was

-1-

terminated after the acquisition of Phoenix Group. It was only later that Plaintiff was rehired by Defendant. Plaintiff argues his termination and rehiring demonstrates a new legal relationship with Defendant was formed that was not subject to the 1995 employment agreement. As such, Plaintiff is not bound by the arbitration clause included in that document.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

The evidence Plaintiff submitted in support of his Motion for Reconsideration, but not previously presented, suggests there is a compelling argument to reinstate Plaintiff's case. Based on Plaintiff's Complaint, the Court took judicial notice that Plaintiff was continuously employed by Defendant once it acquired Phoenix Group. The copy of Plaintiff's employee profile casts serious doubt on that conclusion. *See* Pl.'s Mot. for Recons., Ex. A. If Plaintiff was terminated by Phoenix Group, and it appears that he was, it is unlikely that the employment agreement would still govern

the relationship between Plaintiff and Defendant.  If that is the case, then the arbitration clause is inapplicable and a different result in the case is required.

However, Defendant correctly notes that it would be improper for Plaintiff to introduce this new evidence if it was available to him when the Motion to Dismiss was considered.  Defendant claims that this evidence was in Plaintiff's possession the entire time.  In his Motion, Plaintiff does not claim that this evidence was acquired after the Motion to Dismiss was decided, just that Defendant did not present it to the Court.  The evidence is from Plaintiff's own personnel file, so there is reason to believe that it was always in his possession.  Additionally, Plaintiff filed the present Motion with the new evidence just weeks after entry of judgment against him.  The time frame of these events makes it appear as if this evidence was in Plaintiff's possession before the Motion to Dismiss was decided.  Since there is nothing in the record to doubt Defendant's claim that this evidence was not newly acquired, it may not be considered in a Motion for Reconsideration. *Smith*, 298 F. Supp. 2d at 637.

Similarly, Plaintiff may not raise new arguments that should have been raised in his Response to Defendant's Motion to Dismiss.  Several of Plaintiff's arguments are defective for this reason, including that later agreements between Plaintiff and Minacs supersede the early agreements, that Plaintiff's ADEA claim does not arise from Defendant's policies and procedures, and that Plaintiff did not waive his right to a jury trial.  Plaintiff had an opportunity to properly present these arguments in his Response, but failed to do so.  These arguments are not aimed at a defect in the Court's reasoning, rather they are new reasons for denying Defendant's Motion to Dismiss.  Additionally, Plaintiff's argument that the scope of the arbitration clause was interpreted too broadly was already rejected by this Court and may not be revisited at this time.

The next grounds for reconsideration are that Plaintiff did not actually admit to the continuity of Defendant's business operations. Plaintiff disputes his statement that he worked for Defendant since 1995 was "deliberate, clear and unambiguous." *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999) (quotations omitted). The Complaint states, "Plaintiff began working for defendant in 1995 as an assistant controller." Compl. ¶ 10. The Court still finds this to be a deliberate, clear, and unambiguous statement. Though judicial admissions for legal conclusions may be disfavored, it is appropriate to admit matters of fact. *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, LLC, 477 F.3d 383, 394 (6th Cir. 2007). Unlike in *Roger Miller Music*, Plaintiff's statement was not based on an interpretation of law, making it a legal conclusion, rather it is a recognition that Plaintiff's employment began in 1995, a matter of fact. It was appropriate for the Court to accept this fact as a judicial admission.

Plaintiff's request to amend his Complaint is not a proper grounds upon which to grant his Motion. This is not a palpable defect that requires correcting. Plaintiff could have amended his Complaint in the time provided by Federal Rules of Civil Procedure 15(a)(1) or requested leave to amend under Rule 15(a)(2) after that time frame. With judgment already entered, it is too late to request leave to amend.

For the reasons stated above, Plaintiff's Motion for Reconsideration [#15] is DENIED.

SO ORDERED.

Dated: July 1, 2013                    /s/Gershwin A Drain
                                       GERSHWIN A. DRAIN
                                       U.S. DISTRICT JUDGE